IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00399-CR

 

MARVIN TERRILL CURRY,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2004-1333-C

 



concurring Opinion










 

      An
opinion of an intermediate appellate court is not a form book for trial court
proceedings.  We should not use an opinion to write rules or procedures to be
used in the trial courts.  See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 205 (Tex. 2001) (“[W]e do not write rules by opinion.”).  This
means an intermediate court of appeals really should not give suggested wording
for the trial court’s charge.  Our task is to review what the trial court has
done.  The inadvisability of an appellate court suggesting language results
from the possibility of it then having to decide in a subsequent opinion some
argument that it did not contemplate when suggesting the language.  The pitfall
is aptly demonstrated by the fact that a number of the text for pattern jury
charges, drafted by scholars who have thoroughly researched and collaborated to
draft charge language, have subsequently been determined to be erroneous.  See
Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 444 n.4 (Tex. 1989) (“The holding in this cause will require a change in PJC 71.07.”).

      Further,
because something not done may be a “better practice,” Maj. op. at 10, _____
S.W.3d ____, ____ (Tex. App.—Waco 2007, no pet. h.), or that something else may
be “the superior practice,” id., is irrelevant and has no place in this
Court’s opinion, in particular in its determination of error.

      I find
no error in the charge.  And while the majority talks about better and superior
practices, they do not really explain what the error was in the charge that was
actually given.  

      Notwithstanding
these distractions in the majority opinion I find no error in the judgment of
this Court and concur in it.  But, in doing so, I join no part of Justice
Vance’s opinion, in which Justice Reyna joins, which is a clear and obvious attempt
to state what they think the law should be, rather than merely deciding the
issue before us, which is our proper constitutionally assigned task.

TOM GRAY

Chief Justice

Concurring opinion delivered and filed March 28,
2007

Publish